THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT CONWAY, Relator, *v.* METROPOLIS FIRE INSURANCE COMPANY, Defendant. SUPERINTENDENT OF INSURANCE, Petitioner; GRACE NATIONAL BANK, Respondent.*

Supreme Court, New York County, January 14, 1930.

*Clarence C. Fowler* for the petitioner, Superintendent of Insurance.

*Howard N. Deyo,* for the respondent Grace National Bank.

MITCHELL, J. This is a motion to punish the Grace National Bank for contempt of court and more particularly for contempt of

---

* Affd., 229 App. Div. 704.

an order of this court made and entered on November 26, 1929, in failing to turn over to the Superintendent of Insurance certain alleged property of the Metropolis Fire Insurance Company, which company was placed in the hands of the Superintendent of Insurance for liquidation pursuant to the laws of this State and particularly section 63 of the Insurance Law (added by Laws of 1909, chap. 300, as amd.).

The controversy involved in this motion centers about a fund amounting to $58,844.31 received by the Grace National Bank from various subscribers to the capital stock of the Metropolis Fire Insurance Company. It is made up of amounts paid into the bank as depository by said subscribers on account of the purchase by them of shares of the capital stock of the insurance company. The Superintendent of Insurance claims that he is entitled to the possession of this fund under section 63 of the Insurance Law (added by Laws of 1909, chap. 300, as amd.), subdivision 3 of which provides: "Such liquidation shall be made by and under the direction of such superintendent, and his successors in office, who * * * shall be vested by operation of law with title to all the property, contracts and rights of action of such corporation as of the date of the order so directing them to liquidate." The bank answers that this fund is not and never was the property of the Metropolis Fire Insurance Company, but is a trust fund which the bank must distribute in accordance with the terms of its contract with the Metropolis Fire Insurance Company, dated August 11, 1928, and that the Superintendent of Insurance, as the official liquidator of the insurance company, has no right to the possession of same.

Under the contract above referred to between the bank and the Metropolis Fire Insurance Company, the bank agreed to act as depository of the funds which might be derived from the sale of stock of the insurance company under certain terms and conditions therein set forth. The agreement provides that subscribers to the stock of the company may make all payments thereon to the order of the bank as trustee, with which the subscription contracts are to be filed. The subscription contracts provide that " checks for payment on account of subscriptions shall be drawn only to the order of Grace National Bank, trustee." The subscription contracts further provide that " in the event of failure to complete organization within time specified by law, the sum of $15 per share plus any accumulated interest shall be refunded to subscriber by the Grace National Bank of New York."

The agreement between the bank and the insurance company further provides (par. 4) that these moneys " shall be held by it as depository until the bank is presented with evidence satisfactory to

it that the entire authorized issue of one hundred thousand shares of the capital stock of the company has been subscribed for and paid in full at $16.50 per share and that proper certificates for the shares subscribed for have been issued and transmitted to all subscribers and thereafter the said funds shall be paid over to the company upon demand, with the approval of the Superintendent of Insurance." This agreement further provides (par. 5) " that if for any reason the sale of the company's total authorized issue of one hundred thousand (100,000) shares of capital stock is not completed by it within the period prescribed by law, and /or the company does not receive from the Superintendent of Insurance authorization to commence business, the bank will return to the subscribers whose subscription contracts are on file with it, the amount of money paid in by said subscribers less nine and 1/11 (9 1/11%) per cent thereof."

It will be observed that the insurance company under its agreement could become entitled to the moneys held by the bank only upon the fulfillment of the conditions set forth in paragraph 4 of the agreement. Without its fulfillment of these conditions the insurance company could claim no right of property therein. These conditions were not complied with and cannot now be complied with, since the insurance company has dissolved. The insurance company at the time of its dissolution, therefore, had no title to these moneys, and hence none could pass to the Superintendent of Insurance in the liquidation proceedings. The bank holds them under a valid trust agreement and is bound to discharge its obligations thereunder. Under paragraph 5 of the agreement the bank is obligated to " return to the subscribers whose subscription contracts are on file with it, the amount of money paid in by said subscribers less nine and 1/11 (9 1/11%) per cent thereof." The bank as trustee is entitled to the possession of the trust fund provided for in the contract which has been made and that contract is the measure of its liability, and the guide for the discharge of its duties. (*Matter of Home Provident Safety Fund Assn.*, 129 N. Y. 288.) The title to or interest in the contract possessed by the insurance company and any rights of action which the company had thereunder have passed to the Superintendent of Insurance under the order appointing him in the liquidation proceedings, but that official is not thereby vested with title to the fund in controversy.

For the reasons above stated the motion is denied.